■ ROBERT L. OSHMAN, Respondent, v JAMES YASSER, Appellant, et al., Defendants.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered February 4, 1991, which granted plaintiff's motion for summary judgment dismissing defendant-appellant's two counterclaims and denied defendant-appellant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant defendant-appellant's motion and to dismiss the complaint, and otherwise affirmed, with costs. The Clerk is directed to enter judgment in favor of defendant-appellant severing and dismissing the complaint as to him, with costs.

This action arises out of claims of breach of a fiduciary duty based on defendant Yasser's purchase of the shares of stock in a cooperative corporation and proprietary lease appurtenant to the apartment in which plaintiff resides. Contrary to the

IAS court, we find no material issues of fact and therefore find that defendant Yasser's motion for summary judgment dismissing the complaint should have been granted.

Plaintiff's claims are based on allegations that defendant, who resides in the same building and was the president of the tenants' committee formed to negotiate with the sponsor of the conversion, breached a fiduciary duty owed to plaintiff as one of the building's tenants. According to plaintiff, this breach occurred when, after plaintiff himself failed to pur--chase his apartment before the expiration, on April 7, 1988, of the period in which tenants were afforded the exclusive right to purchase, defendant purchased the shares allocated to plaintiff's apartment. This purchase was made pursuant to the seventh amendment to the plan, which came into effect after the deadline for exclusive tenant purchase had passed and which permitted the purchase of unsold, occupied apartments by other tenants in residence in the building.

We find that, even assuming that any fiduciary duty owed by Yasser to plaintiff extended past the April 7, 1988 deadline for insider purchase, there is no evidence that plaintiff suffered any harm as a result of any breach of that duty. First, there is no question that plaintiff was made fully aware of the original deadline for insider purchase and was given the same opportunity to purchase as that afforded to other tenants but declined to do so. Furthermore, plaintiff's allegation that, due to Yasser's status as president of the tenants' association, he became aware of the seventh amendment before plaintiff and the other tenants, is irrelevant, inasmuch as Yasser did not actually subscribe to purchase the shares to the apartment until three weeks later, when information concerning the amendment had been disseminated to all.

Additionally, there is no evidence supporting the proposition that, having failed to purchase by the original deadline, plaintiff was then lulled into not making a post-deadline offer by Yasser's communications expressing his desire, should he purchase plaintiff's apartment, to negotiate an exchange of their apartments. Regardless of whether Yasser openly disclosed his own intentions, there is simply no indication that plaintiff ever attempted or intended to purchase the apartment. Indeed, plaintiff was, in the context of this action, given the opportunity to enforce a preliminary injunction barring the sale of the apartment to Yasser and he not only failed to do so but moved to amend the order to provide that Yasser be permitted to purchase the apartment but not to resell it. Under these circumstances, plaintiff, who maintains the same

rent-stabilized status which he held before the conversion, has failed to show that he has been damaged in any way.

We have examined defendant's arguments concerning his counterclaims and find that they were properly dismissed by the IAS court. Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Rubin, JJ.